United States District Court
Southern District of Texas

**ENTERED**

June 26, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SELVIN DANIEL ESTUARDO MUNOZ LEAL, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-06072 |
| PAMELA BONDI, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

On June 5, 2026, the Court ordered Respondents:

> **[To] respond** regarding the effect, if any, of the California class action on this case. Any response shall also address whether the Petitioner has been granted deferred action based on the approval and placement on the waiting list for a U-visa, and what effect that deferred action has on his impending removal and ongoing detention. *See, e.g., Benitez v. Wilkinson*, 987 F.3d 46 (1st Cir. 2021); *Guerra Rocha v. Barr*, 951 F.3d 848 (7th Cir. 2020).

Doc. No. 25 at 1-2 (emphasis added). Respondents filed a submission that was nonresponsive to the Court's Order and wholly failed to address the issues as ordered.

Respondents do not contest that Petitioner is a member of the nationwide class action regarding relief for those who have been granted deferred action on the U-visa waiting list in *Immigration Center for Women and Children, et al. v. Noem, et al.*, Civ. No. 2:25-cv-09848-AB-AS (C.D. Cal. May 20, 2026) (hereinafter "*ICWC*"), at Doc. No. 57. They do not dispute that the class action regarding relief for U-visa waiting list deferred action noncitizens applies nationwide (as set forth in *ICWC*) or contest the holding in that

1 / 3

case granting a preliminary injunction to the class. They do not answer the Court's inquiry regarding whether Petitioner has been granted deferred action, and Petitioner's evidence on the record indicates that he is on the waiting list, approved for a U-visa with deferred action on his immigration status. *See* Doc. No. 18-9 at 2-3.

Petitioner now informs the Court that he has been approved for a U-visa and has legal status. *See* Doc. No. 29, 29-1. Even if Petitioner were still on the waiting list for a U-visa on deferred action, the Court finds the reasoning in *ICWC* persuasive and finds that Petitioner has shown his entitlement to release.

Accordingly, the Court **ORDERS** as follows:

1. Respondents' Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. No. 10) is **DENIED**.

2. Petitioner's Amended Petition for a Writ of Habeas Corpus, (Doc. No. 18-1), is **GRANTED**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. Respondents must release Petitioner **in a public place agreed on by the parties within three days of the date this Order is entered**. Respondents must notify his counsel of the exact time and location of release **at least four hours** before his release, and such release must be **before 5 p.m.** on the day of release.

5. The 5-day notice provision from the Court's Order entered on December 30, 2025 (Doc. No. 5), REMAINS IN EFFECT. The parties shall provide the Court with a status update concerning Petitioner's release by **July 1, 2026, at 5:00**

**p.m.** The parties should also notify the Court of the conditions, if any, of his release.

6. By **July 10, 2026**, the parties shall file a joint status update and indicate whether this case may be closed.

**SO ORDERED.**

SIGNED on this _____ day of June 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE